UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM RUSSELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>29 PRIME, INC.,<br><br>Defendant. | C.A. NO:<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff, Adam Russell ("Plaintiff"), individually and on behalf of all others similarly situated, through his undersigned counsel, complains against Defendant, 29 Prime, Inc. ("Defendant" or "29 Prime"), as follows based upon the investigation of his counsel and otherwise upon information and belief, except as to allegations specifically pertaining to himself, which are based upon his personal knowledge:

## I. NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the actions of Defendant in negligently, knowingly, and/or willfully placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") (*i.e.*, "robocalls") without his prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant pursuant to G.L. c. 223A, § 3(a) because: a) Defendant regularly transacts and has transacted business in the Commonwealth of Massachusetts by selling products and services to Massachusetts customers; b) Defendant has committed torts within the Commonwealth of Massachusetts; c) Defendant solicits business within the Commonwealth of Massachusetts; and d) the acts or conduct that are the subject matter of this action arose from Defendant's transaction of business in Massachusetts.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this District including, *inter alia*, the receipt of the robocalls that are the subject of this complaint by Plaintiff and other class members located in this District.

## III. PARTIES

5. Plaintiff, Adam Russell, is a natural person residing in Middlesex County, Massachusetts. Plaintiff is the primary user of the cellular telephone to which Defendant placed calls using an ATDS without his express consent and is a member of the class defined herein.

6. Defendant, 29 Prime is a corporation organized under the laws of Nevada with its principal place of business at 9701 Jeronimo Road., Irvine, California, 92618 The nature of 29 Prime's business is to place calls to telephones throughout the United States to solicit unsuspecting customers for search engine optimization services, making claims about their ability to improve Google rankings. Defendant has in the past and continues to operate under unincorporated alter egos with similar websites, such as "Reliable Places." The company was founded in 2010 by Russell Wallace and Tony Redman. The Defendant placed robocalls to Plaintiff and other class members in violation of the TCPA, as alleged herein.

## IV.   FACTUAL BACKGROUND

7.   In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices including, *inter alia*, telemarketing calls made automatically.

8.   The TCPA regulates, among other things, the use of automatic telephone dialing equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make a call to any wireless number in the absence of an emergency or the prior express consent of the called party.

9.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automatic telephone calls are a greater nuisance and invasion of privacy than unique, individually placed calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10.   In recent years, businesses have increasingly looked to technologies through which to place calls in large volume at low cost.  Using a predictive dialer, or ATDS, computer software enables the caller to dial a list of telephone numbers and connects answered dials to people making calls, often referred to as agents. Predictive dialers use statistical algorithms to minimize the time that agents spend waiting between conversations, while minimizing the occurrence of someone answering when no agent is available.  This provides savings and efficiency to the caller but annoyance to the user of the cellular phone to which such calls are placed.

11.   Unlike calls placed to wirelines, calls made to wireless numbers can actually cost

its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each call they receive or incur a usage allocation deduction to their calling plan, regardless of whether or not the call is authorized.

12. Plaintiff never gave his cellular number to Defendant and had done no business with Defendant.

13. Over the course of an extended period beginning in at least 2013, Defendant made mass solicitations to Plaintiff and other class members using an ATDS system in an effort to sell its search engine optimization and other website support services. In the process, Defendant made thousands of calls per day to the cellular telephones used by Plaintiff and other class members throughout the United States.

14. The nature of the calls, their frequency, content and similarity make it clear that Defendant is using an ATDS. Defendant placed multiple automatic calls to Plaintiff's cellular telephone with the commercial purpose of offering him products or services sold by Defendant.

15. For example, Defendant robocalled Plaintiff on:

- June 5, 2013, at 3:57 p.m., from (206) 397-1615
- June 12, 2013 at 4:00 p.m. from (206) 397-1615
- June 12, 2013 at 4:49 p.m. from (206) 397-1615
- June 26, 2013 at 5:56 p.m. from (206) 397-1159

16. On some of the calls that Plaintiff answered, he encountered a long period of silence, or "dead air," and nothing else. This is typical of calls initiated using an ATDS:

> ***Abandoned Calls***. *Predictive dialers initiate phone calls while telemarketers are talking to other consumers and these dialers frequently disconnect those calls when a telemarketer is unavailable to take the next call. In attempting to ''predict'' the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either ''hang-up'' on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as ''dead air.'' Dead-air calls are abandoned calls. (Federal Communications Commission, 47 CFR Part 64, [CG Docket No. 02–278; FCC 12–21] Telephone Consumer Protection Act of 1991)*

17. On the calls made to Plaintiff that were not dead air calls, Defendant used an artificial or prerecorded voice to introduce them. The calls began with a generic, non-personalized sales pitch to Plaintiff. For example, the call from (206) 397-1159 that Plaintiff answered on June 26, was introduced by a recorded voice that said "**You have not updated your free Google listing.**"

18. There are numerous entries on the Internet sites set up to collect and share complaints about obnoxious telemarketing calls. Examples of such entries about (206) 397-1615 include:

- "Was another ilegal (sic) robo call. one of those google local search scams."
- "2-3 times daily the number 206-397-1615 calls my phone and either plays an automated telemarketing message or hangs up."
- "The usual illegal pre-recorded message for Google placement scam."
- "They are also driving me insane, to the point that I'm about to call the Better Business Bureau and complain about harassment. I get a minimum of 4 calls a week and want it to STOP." (http://800notes.com/Phone.aspx/1-206-397-1615, last accessed 10/29/13)

19. These and other comments are indicative of 29 Prime's practices as an aggressive robocalling operation

20. The numbers from which the above-described calls were made were from telephone numbers owned by or otherwise assigned to Defendant, or "spoofed" by Defendant.

21. There have been many calls from Defendant to Plaintiff which caused his telephone to ring, but which he did not pick up, and thus do not appear on his call records.

## V. CLASS ACTION ALLEGATIONS

22. This action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b), as set forth below

23. *Class Definition.* Plaintiff brings this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiff is a member:

> All persons in the United States and its Territories to whom 29 Prime, Inc., or its affiliated companies or agents thereof made one or more non-emergency calls to cellular telephones used by them without their express consent.

Excluded from the Class are Defendant and any of their officers, directors or employees, Class counsel, the presiding judge, named plaintiffs in any substantially similar actions and members of their immediate families. Plaintiff hereby reserves his right to amend the above class and subclass definition based on discovery and the proofs at trial.

24. *Numerosity.* The members of the Class are so numerous and geographically dispersed throughout the United States such that joinder of all members is impracticable. Plaintiff believes that there are at least several thousand persons in the Class. The exact number and identity of Class members is unknown to Plaintiff at this time and can only be ascertained from information and records in the possession, custody or control of Defendant.

25. *Commonality.* There are questions of law or fact common to the Class including, *inter alia*, the following:

a. Whether the telephone calls described herein were placed by Defendant or by someone on acting on its behalf;

b. Whether the telephone calls described herein were made using an ATDS;

c. Whether Defendant maintains records of the consent of Plaintiff or other Class members to receive the telephone calls described herein;

d. Whether the above-described records, if any, constitute express consent with the meaning of the TCPA;

e. Whether the telephone calls described herein are exempt from the provisions of the TCPA;

f. The number of telephone calls made to Plaintiff and other Class members and the statutory measure of damages;

g. Whether the conduct of Defendant alleged herein was knowing or willful within the meaning of the statute; and

h. whether Plaintiff and the members of the Class are entitled to the damages, equitable, injunctive and other relief sought herein.

26. *Typicality*. The claims of Plaintiff are typical of the claims of the Class alleged herein. Plaintiff and other members of the Class are all persons to whom 29 Prime, or its affiliated companies or agents made one or more non-emergency calls to cellular telephones used by them without their express consent.

27. *Adequacy*. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex and class action litigation. The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class.

28. *Fed. R. Civ. P. 23(b)(2) Requirements.* The prerequisites to maintaining a class action for injunctive and declaratory relief pursuant to Fed. R. Civ. P. 23(b)(2) exist, as Defendants have acted or have refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive or declaratory relief with respect to the Class as a whole.

29. Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

30. Defendants' alleged uniform common course of conduct makes declaratory relief with respect to the Class as a whole appropriate.

31. *Fed. R. Civ. P. 23(b)(3) Requirements.* This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

32. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

33. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

## VI.   CAUSES OF ACTION

### COUNT I

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*)**

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

35. At all times relevant, Plaintiff was a natural person residing in the Commonwealth of Massachusetts. Plaintiff is, and at all times relevant hereto was, a "person" as defined by 47 U.S.C. § 153(10).

36. Defendant is, and at all times relevant hereto was, a corporation and a "person," as defined by 47 U.S.C. § 153(10).

37. Notwithstanding the fact that they did not give their express consent to be called,

Defendant repeatedly made non-emergency telephone calls to the cellular telephones used by Plaintiff and other Class members.

38. The calls made by Defendant to the cellular telephones used by Plaintiff and the Class were made using an "automatic telephone dialing system," or "ATDS," as defined by 47 U.S.C. § 227(a)(1), as such messages were made by a machine with the capacity to store and produce random telephone numbers.

39. Direct evidence of Defendant's use of an ATDS is within the sole possession of Defendant at this stage, and will therefore only come to light once discovery has been undertaken. Nonetheless, a reasonable inference can be drawn that the calls described herein were delivered by an ATDS based on the generic content of the calls, the impersonal advertising content of the message delivered by Defendant who had no reason to contact Plaintiff, and the existence of similar calls received by Plaintiff.

40. The telephone number to which Defendant placed calls using an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

41. The complained of calls had a commercial purpose and, thus, constituted calls not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

42. Plaintiff did not provide "express consent," allowing Defendant to place telephone calls to Plaintiff's cellular phone or make calls placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

43. Defendant did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

44. Defendant's placement of calls to Plaintiff's cellular telephone was done using an

"automatic telephone dialing system," for non-emergency purposes and, in the absence of Plaintiff's prior express consent, violated 47 U.S.C. §227(b)(1)(A).

45. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future and to prevent any further such calls being placed to their cellular telephones.

48. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

**COUNT II**

**(Willful or Knowing Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*)**

49. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

50. At all times relevant, Plaintiff was a natural person residing in the Commonwealth of Massachusetts. Plaintiff is, and at all times relevant hereto was, a "person" as defined by 47 U.S.C. § 153(10).

51. Defendant is, and at all times relevant hereto was, a corporation and a "person," as defined by 47 U.S.C. § 153(10).

52. Notwithstanding the fact that they did not give their express consent to be called,

Defendant repeatedly made non-emergency telephone calls to the cellular telephones used by Plaintiff and other Class members.

53. The calls made by Defendant to the cellular telephones used by Plaintiff and the Class were made using an “automatic telephone dialing system,” or “ATDS”, as defined by 47 U.S.C. § 227(a)(1), as such messages were made by a machine with the capacity to store and produce random telephone numbers.

54. Direct evidence of Defendant’s use of an ATDS is within the sole possession of Defendant at this stage, and will therefore only come to light once discovery has been undertaken. Nonetheless, a reasonable inference can be drawn that the calls described herein were delivered by an ATDS based on the generic content of the calls, the impersonal advertising content of the message delivered by Defendant who had no reason to contact Plaintiff, and the existence of similar calls received by Plaintiff.

55. The telephone number to which Defendant placed calls using an “automatic telephone dialing system” was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

56. The complained of calls had a commercial purpose and, thus, constituted calls not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

57. Plaintiff did not provide “express consent” allowing Defendant to place telephone calls to Plaintiff’s cellular phone or calls placed by an “automatic telephone dialing system,” within the meaning of 47 U.S.C. § 227(b)(1)(A).

58. Defendant did not make telephone calls to Plaintiff’s cellular phone “for emergency purposes” as described in 47 U.S.C. § 227(b)(1)(A).

59. Defendant’s placement of calls to Plaintiff’s cellular telephone was done using an

"automatic telephone dialing system," for non-emergency purposes and, in the absence of Plaintiff's prior express consent, violated 47 U.S.C. §227(b)(1)(A).

60. The foregoing acts of Defendant were willful and knowing violations of the provisions of 47 U.S.C. § 227 *et seq.*

61. As a result of Defendant's willful and knowing violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $1,500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

63. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment against Defendant as follows:

A. Awarding Plaintiff and the Class statutory damages in the amount of $500.00 per violation of 47 U.S.C. § 227(b)(1) and allowable interest thereon;

B. Awarding Plaintiff and the Class statutory damages in the amount of $1,500.00 per willful or knowing violation of 47 U.S.C. § 227(b)(1) and allowable interest thereon;

C. Enjoining Defendant from further violating 47 U.S.C. § 227(b)(1);

D. Awarding Plaintiff and the Class their unreimbursed attorneys' fees, costs and expenses;

E. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined

herein;

F. Designating Plaintiff as representative of the Class and his undersigned counsel as Class counsel; and

G. Granting such other and further relief as the Court deems just.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 6, 2013

Respectfully Submitted,

**MILBERG, LLP**

/s/ Andrei Rado
Andrei Rado
Jessica Sleater
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: 646-733-5718
Facsimile: 212-504-9581
Arado@milberg.com
Jsleater@milberg.com

**SWEETNAM LLC**

/s/ William M. Sweetnam
William M. Sweetnam
582 Oakwood Avenue, Suite 200
Lake Forest, Illinois 60045
Telephone: 847-559-9040
wms@sweetnamllc.com

**PASTOR LAW OFFICE, LLP**

/s/ David Pastor
David Pastor (BBO #391000)
63 Atlantic Avenue, 3d Floor
Boston, MA 02110
Telephone: 617-742-9700
Facsimile: 617-742-9701
dpastor@pastorlawoffice.com

**LEONARD LAW OFFICE, LLP**

/s/ Preston W. Leonard
Preston W. Leonard (BBO #680991)
139 Charles St. Suite A121
Boston MA, 02114
Telephone: 617-329-1295
pleonard@theleonardlawoffice.com

***Counsel for Plaintiff and the Class***