UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action Number 1:13-cv-12814-NMG

_____

ADAM RUSSELL, individually and on
behalf of all others similarly situated,

        Plaintiff,

V.

29 PRIME, INC.,

        Defendant.

_____

**JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE (FORUM NON CONVENIENS) PURSUANT TO RULES 12(b)(2) AND (12(b)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**1.      INTRODUCTION:**

      This is a joint Motion to Dismiss the purported class action brought by Plaintiff, ADAM RUSSELL, on behalf of himself and similarly situated others.  This joint motion is made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2) [lack of personal jurisdiction over defendant], and Rule 12(b)(3) [improper venue- forum non conveniens].  Plaintiff is  proceeding on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. The  basis of each claim in this joint motion will be discussed in detail below.

2.  **GENERAL STATEMENT OF FACTS:**

The class action complaint was brought in the United States District Court of Massachusetts on November 6, 2013.  Defendant, 29 PRIME, INC. (hereafter 29 PRIME) is the only named defendant.  The class action is brought pursuant to the Telephone Consumer Protection Act (hereafter TCPA or "the Act"), which is codified at 47 U.S.C. §227, et seq. (Complaint, ¶1).  The class Plaintiff— ADAM RUSSELL (hereafter RUSSELL)— is a citizen and resident of Massachusetts. (Complaint, ¶5).  Defendant 29 PRIME is a Nevada corporation with its principal place of business in Irvine, California.  The company has a minor presence in Nevada because of the state's incorporation requirements.  (Complaint, ¶6; Wallace Affidavit, ¶2).

The essential purpose of the lawsuit is to assess Defendant 29 PRIME with damages of $500.00 for each unauthorized cellular telephone call made to Plaintiff and prospective class members (Count I) and an additional $1,500.00 for each knowing and willful violation of the TCPA (Count II).  Injunctive relief is also sought. (Complaint, ¶¶ 47, 62).

Plaintiff RUSSELL claims he personally received four (4) "automatic calls" to his cellular phone between June 5 and June 26, 2013, some of which he answered. (Complaint, ¶¶ 15-17).  Plaintiff also claims these calls were made by Defendant 29 PRIME, but he also tacitly admits there is no evidence that 29 PRIME was the source of these unauthorized calls to his cell phone. (Complaint, ¶¶ 15-21).  Plaintiff claims that he researched the internet for the two phone numbers appearing on his cell phone in June, 2013 and implies that these numbers in the 206 area code belonged to 29 PRIME. (Complaint, ¶¶17-18).  Plaintiff, however, has not explained

why a recent internet search as to those two telephone numbers in the 206 area code disclosed that, in the same June, 2013 time period, those numbers were registered to a Seattle, Washington company named "Callerid4u."

**3.    STATEMENT OF FACTS RELATING TO PERSONAL JURISDICTION AND VENUE**:

Accompanying this joint motion is the Affidavit of Russell Wallace.  Mr. Wallace is one of the five (5) owners of Defendant 29 PRIME, INC.  He is the largest owner in terms of percentage. (Wallace Affidavit, ¶4).  In support of this joint motion, Mr. Wallace provides the following items of proof:

- ■ 29 PRIME is organized and existing under the laws of the State of Nevada.  Its principal place of business is in Irvine, California (which is in Orange County, California). There is a minor office presence in Nevada because it is required under Nevada's incorporation laws. (Wallace Affidavit, ¶2).

- ■ 29 PRIME is a technology company that licenses its technology to various corporations known as "authorized sales partners", most of whom are located in the Southern California area.  None of these "authorized sales partners" are incorporated in Massachusetts nor are any of them registered to do business there. (Wallace Affidavit, ¶5).

- ■ 29 PRIME only licenses its technology and does not engage in direct sales to prospective customers.  (Wallace Affidavit, ¶5).

- ■ 29 PRIME has never maintained an office, business address, employees, agents, or telephone numbers in Massachusetts, nor has it owned or leased property there, filed a corporate tax return there, or advertised in Massachusetts through local

newspapers, magazines, radio, or television.  (Wallace Affidavit, ¶7).

▪   The "authorized sales partners" of 29 PRIME, referred to above, maintain the data as to which businesses it has contacted, the actual telephone numbers called, and the identity of the business customers ultimately obtained.  The employees of these "authorized sales partners" to whom 29 PRIME licenses its technology are the custodian of the pertinent records pertaining to the allegations in this Complaint.  These employees, who can also attest to the operations of both these "authorized sales partners" and of 29 PRIME, are residents of the Southern California area.  (Wallace Affidavit, ¶6).

▪   In the event that a business customer in Massachusetts or in any other state establishes a client relationship with one of the "authorized sales partners" that licenses the technology of 29 PRIME, a Terms & Conditions sheet will be sent to the particular customer(s).  The particular customer(s) who executes its signature on that Terms & Conditions sheet agrees to be serviced by 29 PRIME throughout the course of the business relationship.  Under paragraph 15 of this Terms & Conditions sheet, there is a forum selection clause providing that the governing law and venue of any action involving a customer dispute is in Orange County, California.  Further, pursuant to paragraph 16 of the Terms & Conditions sheet, all customer disputes are to be resolved through binding arbitration before the Judicial Arbitration and Mediation Service (JAMS) in Orange County, California.  (Wallace Affidavit, ¶¶ 8-9 and "Ex. A" thereto).

4. **THE COURT SHOULD GRANT THE MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) BECAUSE MASSACHUSETTS CANNOT OBTAIN PERSONAL JURISDICTION OVER 29 PRIME:**

Defendant 29 PRIME, INC. was served with process in this action at its place

of business in Irvine, California, pursuant to Massachusett's long-arm statute. (See Massachusetts, Chapter 223A, Section 3[a], wherein it is stated: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's....transacting any business in this commonwealth"). As previously stated in the "Statement of Facts" in Sections 2 and 3 of this joint motion, it is patently clear that 29 PRIME does not have sufficient contacts with Massachusetts for personal jurisdiction over the corporation to be obtained.

Now that the issue of lack of personal jurisdiction has been raised in this joint motion, Plaintiff RUSSELL has the burden of proving that jurisdiction lies with this District Court. *Mass. School of Law at Andover, Inc. v. American Bar Ass'n.*, 142 F.3d 26, 34 (1st Cir. 1998). In particular, Plaintiff must show that the state's long-arm statute grants jurisdiction and that the exercise of jurisdiction is consistent with the Due Process Clause of the United States Constitution. *Daynard v. Ness, Motley, Loadholt, et al.* (lst Cir. 2002). To meet this burden, the plaintiff "must go beyond the pleadings and make affirmative proof" of material jurisdictional facts. *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (lst Cir. 1992). However, the court, in deciding the motion, "does not act as a fact finder; to the contrary, it ascertains whether the facts, duly proffered, fully credited, support the exercise of personal jurisdiction." *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 84 (lst Cir. 1997).

Due process requires the court to find either that it has "specific jurisdiction" over 29 PRIME, INC. or "general jurisdiction". *See generally Harlow v. Children's Hospital*, 432 F.3d 50, 57. Specific jurisdiction exists when a defendant's contacts with the

Commonwealth of Massachusetts "arise out of" or "relate to" the plaintiff's particular cause of action. *See Sawtelle v. Farrell*, 70 F.3d 1381,1389 (lst Cir. 1995). General jurisdiction may be found when a defendant has "continuous and systematic" contacts with Massachusetts, even thought those contacts do not relate to the particular cause of action. *See Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414-416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Clearly, Plaintiff RUSSELL cannot demonstrate that 29 PRIME, INC. has "continuous and systematic" contacts with Massachusetts unrelated to the TCPA class action matter (i.e. there is no general [personal] jurisdiction). In fact, 29 PRIME does not make direct sales call and, instead, only licenses its technology to its "authorized sales partners" [who also have no presence in Massachusetts and are located in Southern California for the most part]. (Wallace Affidavit, ¶¶ 4-7).

Instead, Plaintiff must rely on specific jurisdictional grounds to support personal jurisdiction against this Motion to Dismiss. The First Circuit uses a three-prong test for determining whether a court has specific jurisdiction over a defendant [*See Sawtelle v. Farrell*, *supra*, 70 F.3d at 1389; *see also United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 620-621 (lst Cir. 2001)]

> "First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state court's forseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable."

The so-called "Gestalt factors" are (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in

obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and, (5) the common interest of all sovereigns in promoting social policies. *Noonan v. Winston Co.*, 135 F.3d 85, 89, n.2 (lst Cir.1998).

However, these five factors come into play only if the first two prongs of the specific jurisdiction test are fulfilled. *See United Electric Radio & Machine Workers, et al. v. 163 Pleasant St. Corp.*, 960 F.2d 1080,1088 (lst Cir. 1992). Defendant 29 PRIME believes that the five "Gestalt factors" do not come into play in the jurisdictional analysis because Plaintiff RUSSELL has not, and cannot, meet his initial burden of proving specific jurisdiction over 29 PRIME (1) by demonstrating that his claim directly arises out of, or relates to, 29 PRIME's activities in Massachusetts (i.e. the evidence before this District Court shows there are no such activities), and/or (2) by demonstrating that 29 PRIME' s contacts with Massachusetts were such that it purposefully availed itself of the protection of Massachusetts' laws and thereby made 29 PRIME's involuntary presence in Massachusetts reasonable.

Assuming, for sake of argument, that Plaintiff RUSSELL meets his burden of showing the first two requirements for specific [personal] jurisdiction over29 PRIME, nevertheless, the so-called "Gestalt" factors all militate against the exercise of the same by the District Court in Massachusetts for these reasons: (1) all of the defense witnesses and all of the documents necessary to ascertain the class and/or other information pertaining the customers contacted are located in Southern California (none are in Massachusetts); (2) Massachusetts has no greater interest in adjudicating the dispute than

any other state, particularly since the provisions of the TCPA allow for a class action within each individual state (See 47 U.S.C. §227, et seq. ); (3) since this is purported to be a class action in the entire United States, Plaintiff RUSSELL's interest in having the matter adjudicated in Massachusetts is minimal if at all; (4) the judicial system is not impacted adversely in having the controversy resolved in California, particularly since the Ninth Circuit is very friendly to class actions (See, e.g. references in *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 2013 U.S.Dist. LEXIS 76792); and, (5) the common interest of all sovereign states in promoting its social policies is wholly unaffected by the location of the state in which the action is maintained.  Quite frankly, Massachusetts has been chosen as the forum state by Plaintiff because his lead counsel can walk to the courthouse.

Given the foregoing, Plaintiff RUSSELL cannot demonstrate personal jurisdiction over Defendant, 29 PRIME in the District Court for Massachusetts.  The Due Process Clause requires that a defendant must "purposefully avail" itself of the benefits and protections of Massachusetts laws by establishing "minimum contacts" with the state. *International Shoe Co. v. Washington*, 326 U.s.310, 316 (1945).   29 PRIME does not makes direct sales calls in Massachusetts (Wallace Affidavit, ¶¶ 4-5), but, even if it did, this fact alone would not be sufficient to warrant the grant of personal jurisdiction. (*See, e.g. Market/ Media Research, Inc. v. Union-Tribune Publishing*, 951 F.2d 102, 105-106 (6th Cir. 1991), where making telephone calls and sending correspondence to the forum state was held to be insufficient to confer personal jurisdiction under Due Process Clause principles).   The type of contact alleged by Plaintiff in the pleadings is also not sufficient to cause 29 PRIME to believe or "reasonably anticipate being haled into court"

in Massachusetts. *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 291-292 (1980). This last statement is particularly true in this case because, in the event that a business customer relationship is established in Massachusetts by one of the "authorized sales partners" of 29 PRIME, then that business customer must agree pursuant to the resulting contract to resolve all disputes in binding arbitration before JAMS in Orange County, California and, further, to adhere to California law to resolve the dispute. Therefore, 29 PRIME does not, and could not, reasonably anticipate that this purported class action would be maintained anywhere else other than in a competent court or before JAMS in Orange County, California.

5.  **THE COURT SHOULD GRANT THE MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(3) BECAUSE THE PROPER FORUM OR VENUE FOR THIS ACTION IS IN CALIFORNIA:**

Federal courts have the inherent power to dismiss complaints on the ground of forum non conveniens. *Gulf Oil v. Gilbert*, 330 U.S. 501, 504 (1947). This doctrine allows a court to dismiss a suit when "an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish....oppressiveness and vexation to a defendant....out of all proportion to a plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). Unlike the personal jurisdiction issue discussed above, the burden of proof on alleging improper venue lies with the defendant. *Nowak v. Tak How, Ltd.*, 94 F.3d 708, 719. There are both "private" interests and "public" interests at play here.

Clearly, the "private" interest factors strongly suggest that the appropriate forum

for this case is in the United States District Court for the Central District of California (the Santa Ana division or in Los Angeles). Even if all things were equal, which they are not, the only connection to this case in Massachusetts is that Plaintiff RUSSELL is a resident and his lead counsel maintains his office there. But, Defendant 29 PRIME does not have any presence in Massachusetts related to this action— i.e. it does not make any direct sales calls and only licenses its technology to "authorized sales partners." (Wallace Affidavit, ¶5). Defendant 29 PRIME apparently did not make those unsolicited sales calls to Plaintiff RUSSELL from the 206 area code number in Seattle, Washington.

The more important considerations in choosing the appropriate home for this lawsuit are such "private" interest factors as relative ease to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing witnesses; and all other practical problems that make trial of the case easy, expeditious, and inexpensive. There may also be issues of enforceability of a judgment if one is obtained. *Gilbert*, 330 U.S. at 508.

Utilizing these "private" interest factors enunciated in *Gilbert*, a District Court in California is overwhelmingly the most appropriate and reasonable forum to hear the matter. Plaintiff RUSSELL has characterized the purported class as (Complaint, ¶23):

> "All persons in the United States and its Territories to whom 29 Prime, Inc., or its affiliated companies or agents thereof made one or more non-emergency calls to cellular telephones used by them without their consent."

Plaintiff RUSSELL has further claimed that the purported class is very numerous (Complaint, ¶24):

> "The members of the Class are so numerous and

10

>geographically dispersed throughout the United States such that joinder of all members is impracticable. Plaintiff believes there are at least several thousands in the Class....(and) can only be ascertained from information and records in the possession, custody or control of Defendant."

Since the purported class is located everywhere in the United States, and since Plaintiff RUSSELL admits that the class members can only be determined from information and records in the possession, custody or control of Defendant 29 PRIME, it would certainly appear that the most expedient and efficient forum for this class action case would be in Southern California where the employees and records are located. (Wallace Affidavit, ¶¶ 4-7). Moreover, a reasonable person would expect that, since California is the most populous state in the Union and, further, since 29 PRIME and its "authorized sales partners" are located in California, a substantial minority or even a majority of the class members will also probably be from California.

Plaintiff RUSSELL will undoubtedly argue that his selection of the forum should be given considerable preference. However, the First Circuit in the case of *Interface Partners Int'l, Ltd. v. Hananel*, 575 F.3d 97 (1st Cir. 2009) recently held that a plaintiff's choice of forum should not be given "dispositive weight" and "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum." (*Interface* at 102, citing *Piper Aircraft Co. v. Reyno*, 454 US 254, n. 23).

As to the "public" interest factors, the class members are alleged to be located through the entire United States. As noted above, most of these class members will undoubtedly be located in California because it is the most populous state in the Union, and Defendant and other "authorized sales partners" are located here. Further, if there

11

are business customers of the "authorized sales partners" and/or 29 PRIME in Massachusetts, then they have agreed to resolve all disputes through binding arbitration in Orange County, California.  In cases which touch the affairs of many persons, there is a reason for holding the trial in their collective view and reach rather than on other parts of the country where they may learn it of by report only.  *Gilbert*, 330 U.S. at 508-509.

6. **CONCLUSION:**

Based on the foregoing points and authorities, it is respectfully submitted that this Honorable District Court make the following (alternative) orders:

A) To first determine whether or not Plaintiff has obtained personal jurisdiction in Massachusetts over Defendant 29 PRIME by requiring Plaintiff to meet his burden of proof on the issue;

B) If it is determined that Plaintiff has not met his burden of proof on the issue of Massachusetts having personal jurisdiction over Defendant 29 PRIME, then it is respectfully requested that this Honorable District Court dismiss the action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure;

C) If, on the other hand, it is determined that Plaintiff has met his burden of proof on the issue of Massachusetts having personal jurisdiction over Defendant 29 PRIME, then it is respectfully requested that this Honorable District Court entertain whether or not the Central District of California (Santa Ana Division or Los Angeles divisions) is the more appropriate and convenient venue of the action; and, if so, to dismiss the action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

                                29 PRIME, INC.
                                By its Attorneys:

                                /s/ Seth H. Salinger, Esq.
                                Seth H. Salinger, Esq. (BBO No. 555426)
                                53 Langley Road, Suite 270
                                Newton, Massachusetts 02459
                                (617) 244-7630 (telephone)
                                (617) 244-7640 (facsimile)
                                Sethsal@gmail.com
                                www.sethsalinger.com

                                /s/ Joel W. Baruch
                                Joel W. Baruch, Attorney At Law
                                Admitted *pro hac vice*
                                Law Offices Of Joel W. Baruch, P.C.
                                2020 Main Street, Suite 900, Irvine, CA 92614
                                Telephone: (949) 864-9662 | Facsimile: (949) 851-3185
                                joel@joelwbaruch.com | www.joelwbaruch.com

Dated: January 24, 2014.

**CERTIFICATE OF ATTORNEY CONFERENCE**
**PURSUANT TO LOCAL RULE 7.1(A)(2) AND CERTIFICATE OF SERVICE**

I hereby certify that counsel for the Defendant, 29 PRIME, INC., conferred with opposing counsel prior to the filing of the instant motion and was unable to narrow the issues contained in the motion.

I further certify that on this date, I caused copies of the papers annexed hereto to be served on all counsel of record in this proceeding via ECF and that non-registered participants will be served by first class mail, postage prepaid.

Dated: January 24, 2014                                                         /s/ Seth Salinger
                                                                            Seth Salinger

                                                                                        /s/ Joel W. Baruch
                                                                                        Joel W. Baruch