```
                    United States District Court
                      District of Massachusetts
 _____
                               )
ADAM RUSSELL,                  )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    13-12814-NMG
29 PRIME, INC.,                )
                               )
        Defendant.             )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a class action brought by plaintiff Adam Russell against defendant 29 PRIME, Inc. pursuant to the Telephone Consumer Protection Act. Pending before this Court is defendant's motion to dismiss for lack of personal jurisdiction and for improper venue.

## I. Background

Plaintiff Adam Russell ("Russell") is a Massachusetts resident invoking federal question jurisdiction under 28 U.S.C. § 1331. Defendant 29 PRIME, Inc. ("29 PRIME") is a technology company incorporated in Nevada with its principal place of business in California. 29 PRIME licenses its search engine optimization and placement services to various corporations, known as "authorized sales partners" or "resellers".

-1-

All resellers sign the Resellers Agreement ("the Agreement"). It stipulates that resellers represent 29 PRIME at the point of sale and that all customers are acquired on its behalf. The Agreement also stipulates that resellers sell 29 PRIME's products and services "only under the names or branding provided by [29 PRIME]". Under the Agreement, resellers' compensation is calculated as a percentage of payments made by customers to 29 PRIME.

29 PRIME does not directly engage in sales to prospective customers. However, all customers sign a Terms & Conditions sheet in which they agree to be serviced by 29 PRIME throughout the business relationship. Customers consent to recurring monthly payments to 29 PRIME and to phone calls from 29 PRIME and its affiliates using automated dialing systems ("autodialers"). The Terms & Conditions sheet also contains forum selection, choice of law, and arbitration clauses that require relevant actions occur in Orange County, California. 29 PRIME has 857 current and former Massachusetts customers.

In November, 2013, Russell filed a complaint individually and on behalf of all others similarly situated against 29 PRIME. The complaint alleges that 29 PRIME made mass solicitations to plaintiff and other putative class members using autodialers without their consent, in violation of the Telephone Consumer Protection Act ("TCPA"). Specifically, the complaint alleges

that 29 PRIME negligently (Count I) and willfully or knowingly (Count II) violated the TCPA.

In January, 2014, 29 PRIME filed a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for improper venue to transfer this case to the Central District of California under Fed. R. Civ. P. 12(b)(3).[1]

For the reasons that follow, the Court will deny defendant's motion to dismiss for lack of personal jurisdiction and for improper venue.

## II. Analysis

### A. Personal Jurisdiction in Massachusetts

#### 1. Legal Standard

The Court must find personal jurisdiction over the parties in order to hear cases and issue judgments. United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999). The plaintiff bears the burden of proving personal jurisdiction and must present specific facts to support its claim. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995). A plaintiff's "properly supported proffers of evidence" and allegations are taken as true. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). Therefore, the Court takes as true Russell's allegations that 29 PRIME or its

---

[1] The motion is styled as a "Joint" motion but it appears that it was submitted on behalf of defendant 29 PRIME only.

resellers placed phone calls to him and other members of the putative class using autodialers without their consent.

To establish personal jurisdiction, a plaintiff must show that jurisdiction is 1) statutorily authorized and 2) consistent with the Due Process Clause of the United States Constitution. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009). Because the Massachusetts long-arm statute, M.G.L. c. 223A, § 3, reaches to the full extent that the Constitution allows, the Court proceeds directly to the constitutional analysis. Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995).

**2. Due Process**

The Due Process Clause requires minimum contacts between a nonresident defendant and the forum state such that the exercise of personal jurisdiction over that defendant accords with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). There are two forms of personal jurisdiction: general and specific. Pritzker v. Yari, 42 F.3d 53, 59 (1st Cir. 1994). Only specific jurisdiction is at issue here because neither party contends that 29 PRIME is subject to general jurisdiction in Massachusetts.

Specific jurisdiction narrows the Court's focus to 29 PRIME's contacts with Massachusetts as they relate to Russell's cause of action in this case. Foster-Miller, 46 F.3d at 144.

The First Circuit considers "three distinct components" to determine whether specific jurisdiction is appropriate: relatedness, purposeful availment and reasonableness. Adelson v. Hananel, 652 F.3d 75, 80-81 (1st Cir. 2011).

### a. Relatedness

The first inquiry is whether plaintiff's cause of action can "conceivably be said to have arisen directly from, or been caused proximately by," defendant's contacts with the forum state. United Elec. Workers v. 163 Pleasant St. Corp. (Pleasant St. I), 960 F.2d 1080, 1089 (1st Cir. 1992). The Court need not require strict adherence to a proximate cause standard but instead applies a "small overlay of 'but for' on 'proximate cause'". Nowak v. Tak How Inv. Ltd. (Nowak II), 94 F.3d 708, 715-16 (1st Cir. 1996).

Here, plaintiff's cause of action can "conceivably be said to have arisen directly from, or been caused proximately by," 29 PRIME's contacts with Massachusetts. Pleasant St. I, 960 F.2d at 1089. 29 PRIME licenses its technology to resellers in order to solicit customers. Resellers' mass solicitations to plaintiff and other putative class members arose directly from that ongoing sales effort. Id.

Further, 29 PRIME's resellers act as its agents in Massachusetts by virtue of the Resellers Agreement and that relationship directly relates to plaintiff's claim. Despite the

separate legal status of 29 PRIME and its resellers, the Court is not persuaded that defendant should be permitted to hide behind a transparent corporate shield for the purpose of avoiding personal jurisdiction in Massachusetts. See Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 64 (D. Mass. 2001) (finding "intermingling of activity" and "common enterprise" establish agency relationship sufficient for "relatedness").

29 PRIME maintains contacts with Massachusetts that are sufficiently related to plaintiff's claim to establish personal jurisdiction.

### b. Purposeful Availment

The second inquiry for specific jurisdiction is whether defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Voluntariness and foreseeability are the focal points of the purposeful availment inquiry. Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994). To establish voluntariness, defendant's contacts with the forum state cannot result from "the unilateral actions of another party or a third person". Nowak II, 94 F.3d at 716 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). To establish foreseeability, defendant's contacts with the forum state should be sufficient to cause reasonable

anticipation of being subject to suit there. Id. (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

29 PRIME's contacts with Massachusetts satisfy the purposeful availment inquiry. It voluntarily "reached into Massachusetts with an unprompted solicitation" and sought to entice Massachusetts residents to purchase its products and services, either directly or through its resellers. See Nowak v. Tak How Inv. Ltd. (Nowak I), 899 F. Supp. 25, 32 (D. Mass. 1995), aff'd, 94 F.3d 708 (1st Cir. 1996). 29 PRIME need not be present in Massachusetts to conduct activity or cause injury therein. See Astro-Med, 591 F.3d at 10. Though 29 PRIME does not make direct sales calls in Massachusetts, it maintains service contracts, collects revenue and provides services to 857 Massachusetts customers.

29 PRIME's phone calls to Massachusetts residents, through its resellers, also constitute sufficient contacts to satisfy the purposeful availment inquiry. See, e.g., Hudak v. Berkley Grp., Inc., No. 3:13-cv-00089-WWE, 2014 WL 354676, at *3 (D. Conn. Jan. 23, 2014). 29 PRIME must contact prospective customers in order to secure sales but not all solicitations will result in business relationships. Because the forum selection, choice of law, and arbitration clauses only apply to customers who execute the Terms & Conditions sheet, it was

reasonably foreseeable that these clauses would not govern all of 29 PRIME's contacts with Massachusetts.

Accordingly, Russell has established that 29 PRIME purposefully availed itself of the privileges of conducting business in Massachusetts.

### c. Reasonableness

Finally, the reasonableness inquiry operates on a sliding scale with the first two factors of the jurisdiction analysis such that strong showings of relatedness and purposeful availment reduce the plaintiff's burden of showing reasonableness. Risktimetry Analytics, LLC v. Altaira, LLC, 752 F. Supp. 2d 141, 147 (D. Mass. 2010). In evaluating reasonableness, this Court considers a series of "Gestalt factors," including: 1) defendant's burden of appearance, 2) the forum state's adjudicatory interest, 3) plaintiff's convenience, 4) the judicial system's interest in effectively resolving the controversy and 5) the forum state's interest in substantive social policies. Pesmel N. Am., LLC v. Caraustar Indus., Inc., 754 F. Supp. 2d 168, 174 (D. Mass. 2010) (citing Burger King, 471 U.S. at 477).

Here, the Gestalt factors indicate that exercising jurisdiction in Massachusetts would be reasonable, particularly in light of plaintiff's strong showing of relatedness and purposeful availment. Under the first factor, 29 PRIME's burden

of appearance is not particularly onerous or unusual. See id. (finding no "special or unusual" burden posed by travel from New York to Puerto Rico). The second factor also supports a finding of reasonableness because known putative class members and named plaintiff reside in Massachusetts. Massachusetts has a strong interest in providing its citizens with a convenient forum in which to assert their claims. Nowak II, 94 F.3d at 718. (citing Burger King, 471 U.S. at 473). Other states' interests are irrelevant here. Foster-Miller, 46 F.3d at 151 (noting that minimum contacts analysis presumes "two or more States may be interested in the outcome of a dispute").

With respect to the third factor, the Court must defer to plaintiff's choice of forum. Nowak II, 94 F.3d at 718. Such deference is particularly strong where, as here, plaintiff is a forum resident. See Women, Action & the Media Corp. vs. Women in the Arts & Media Coal., Inc., No. 13-10089-RWZ, 2013 WL 3728414, at *3 (D. Mass. July 12, 2013). As in most litigation among private parties, the judicial system's interest in this case is a wash. See, e.g., Sawtelle, 70 F.3d at 1395. Under the final factor, Massachusetts has a clear interest in providing a convenient forum to residents who are harmed by out-of-forum actors. Nowak II, 94 F.3d at 719.

In sum, the exercise of jurisdiction in Massachusetts over 29 PRIME is reasonable and does not offend "traditional notions

of fair play and substantial justice". Thus, the Court will deny defendant's motion to dismiss for lack of personal jurisdiction.

**B. Improper Venue**

**1. Legal Standard**

Notwithstanding proper jurisdiction, this Court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a). Albert v. F/V Misty Dawn, Inc., 950 F. Supp. 2d 321, 322 (D. Mass. 2013). A district court exercises its discretion in considering the convenience and fairness of the transfer. Adelson, 510 F.3d at 52 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981)). However, a plaintiff's chosen forum should "rarely be disturbed". Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947).

A party moving to dismiss for forum non conveniens bears the burden of showing: 1) an adequate alternative forum and 2) increased "convenience and judicial efficiency" that strongly favors litigation in the alternative forum. Mercier v. Sheraton Int'l, Inc. (Mercier I), 935 F.2d 419, 423–24 (1st Cir. 1991).

**2. Central District of California as an Adequate Alternative Forum**

29 PRIME proposes the Central District of California as an adequate alternative forum. Generally, an adequate alternative

-10-

forum exists if the defendant is susceptible to service of process there. Gilbert, 330 U.S. at 506-507.  29 PRIME maintains its principal place of business in California, J. McIntyre Mach., Ltd. vs. Nicastro, 131 S. Ct. 2780, 2806 (2011) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)), and Russell has not demonstrated any "systematic inadequacy" with that forum. See Mercier I, 935 F.2d at 427. Thus, the Court finds that the Central District of California is an adequate alternate forum.

### 3. Private and Public Interests

Because the Central District of California is an adequate alternative forum, the Court must evaluate the "relative convenience" of this forum by considering certain public and private interests. Mercier v. Sheraton Int'l, Inc. (Mercier II), 981 F.2d 1345, 1354 (1st Cir. 1992).  Private interest factors include: (i) relative ease of access to sources of proof, (ii) availability of compulsory process, (iii) comparative trial costs, (iv) ability to enforce judgment and (v) the ease, expense and convenience of trial. Mercier I, 935 F.2d at 424 (citing Gilbert, 330 U.S. at 508).  Public interest factors include: (i) administrative difficulties imposed by court congestion, (ii) imposition on jurors called to hear a case that has no relation to their community, (iii) "local interest in having localized controversies decided at home" and (iv) the

-11-

court's familiarity with applicable laws. Piper, 454 U.S. at 241 (quoting Gilbert, 330 U.S. at 509). Because those factors are "illustrative rather than all-inclusive," the Court primarily considers which forum will best serve the parties' convenience. Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000).

### i) Private Interests

The private interest factors favor retaining jurisdiction in Massachusetts. The fact that plaintiff's alleged injuries occurred in Massachusetts weighs heavily in plaintiff's favor. See Interface Partners Int'l, Ltd. v. Hananel, 575 F.3d 97, 104 (1st Cir. 2009). The Court also considers the "relative ease of access to sources of proof". See Mercier I, 935 F.2d at 424. Widespread use of electronic discovery mitigates the weight granted to the location of 29 PRIME's documents in California. See, e.g., In re Hudson 710 F.3d 716, 719 (7th Cir. 2013). Further, 29 PRIME offers only "bald assertions" that relevant witnesses are located in California. R.W. Granger & Sons, Inc. v. Rojac Co., Inc., 885 F. Supp. 319, 324 (D. Mass. 1995). These assertions do not satisfy its affirmative burden to elaborate on their expected testimonies. Id.

### ii) Public Interests

The public interest factors do not compel jurisdiction in California. Massachusetts has a local interest in providing a convenient forum for its residents against foreign corporations.

Rodriguez v. Samsung Elec. Co., Ltd., 734 F. Supp. 2d 220, 228 (D. Mass. 2010). California, however, also has an interest in remedying injuries caused by one of its resident corporations. See id. Given both interests, the public interest inquiry is a wash. Id.

Because this Court defers to plaintiff's choice of forum and the private factors weigh in favor of jurisdiction, defendant's motion to dismiss for improper venue will be denied.

## ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 9) is **DENIED** and defendant shall file an answer on or before Friday, July 25, 2014.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 10, 2014