UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM RUSSELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>29 PRIME, INC., OC LISTING, INC., LOCAL ZOOM, RUSSELL WALLACE and TONY REDMAN,<br><br>Defendants | C.A. 1:13-cv-12814-NMG |

## DEFENDANT TONY REDMAN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(b)(2)

### I.   INTRODUCTION AND STATEMENT OF FACTS

Defendant Tony Redman ("Redman") is a California resident with no connection to Massachusetts.  Plaintiff Adam Russell ("Plaintiff") seeks to hail Redman into court merely on the conclusory allegation that he may be personally liable as the alter ego of existing defendants. Pursuant to *United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corporation* (1st Cir. 1992) 960 F.2d 1080, Plaintiff cannot simply <u>plead</u> alter ego, but must <u>prove</u> alter ego at this stage to justify dragging Redman across the country to defend this action.

Prior to bringing this motion, counsel for Redman and counsel for Plaintiff made good faith efforts to meet and confer, but were unable to resolve this dispute.

This is a putative class action arising from alleged violations of the Telephone

Consumer Protection Act. Plaintiff's operative first amended complaint alleges that three businesses, 29 Prime, Local Zoom, and OC Listing made or caused to be made calls to Plaintiff's mobile phone without his consent. Redman is alleged to be the "part owner and Chief Operating Officer" of 29 Prime, Inc., the "co-founder and COO" of OC Listing, Inc. and is (correctly) alleged to be a California resident. (First Amended Complaint, ¶14).

Redman resides in Orange County, California. (Concurrently-filed Affidavit of Tony Redman ["Redman Affidavit"], ¶2). He has never been to Massachusetts. (*Ibid.*) He does not own and has never owed real estate in Massachusetts, nor is he (personally) licensed to conduct business in Massachusetts. (Redman Affidavit, ¶3). He has never worked for a Massachusetts employer, nor has he ever held an equity interest in any Massachusetts business. (Redman Affidavit, ¶5).

Insofar as his connection to this dispute is concerned, Redman is a minority shareholder and officer of 29 Prime, Inc., a Nevada corporation with its principal place of business in California. (Redman Affidavit, ¶4).

The fact that 29 Prime may be subject to personal jurisdiction in Massachusetts does not confer personal jurisdiction over its officers, employees or shareholders. In order to maintain an action against Redman in Massachusetts, Plaintiff must prove there is truth to his alter-ego allegations so as to not exceed the constitutionally-permissible bounds of due process.

## II. ARGUMENT

To determine if personal jurisdiction over a defendant exists, a District Court must look to the law of the state in which it sits. (*Bucks County Playhouse v. Bradshaw* (E.D. Pa 1983) 577 F. Supp. 1203, 1206). With respect to non-resident defendants, Massachusetts's long arm statute, *Mass. Gen Laws. Ch. 223A, §3*, is recognized as being coextensive with the limits of jurisdiction under the United States Constitution. (*Chase v. Gist* (D MA 2012) 2012 U.S. Dist. LEXIS 62087, *16, n.4).

In order for Massachusetts to exercise personal jurisdiction over an out-of-state defendant, the Due Process Clause requires that the defendant have sufficient minimum contacts with the state, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*Adams v. Adams* (1st Cir. 2010) 601 F.3d 1, 5) (citing *Int'l Shoe Co. v. Washington* (1945) 326 U.S. 310, 316). When determining whether specific jurisdiction exists, the 1st Circuit breaks the minimum contacts analysis into three categories - relatedness, purposeful availment, and reasonableness:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

(*Adams* at 5) (citing *Adelson v. Hananel* (1st Cir. 2007) 510 F.3d. 43, 49).

The instant litigation arises out of the alleged violation of the Telephone Consumer Protection Act insofar as phone calls were purportedly made by one of three business entities to Plaintiff's mobile phone without his consent. Personal jurisdiction has already been established over those entities. The general rule, however, is that "jurisdiction over individual officers of a corporation may not be based merely on jurisdiction over the corporation." (*Escuede Cruz v. Ortho Pharmaceutical Corp.* (1st Cir. 1980) 619 F.2d 902, 906).

Thus, the relevant question is whether, on the existing record, Redman can be hailed into court on Plaintiff's existing alter-ego allegations. On this point, in a federal question case, the federal common law of veil piercing applies when national unity is essential in interpretation of federal statutes. (*Brotherhood of Locomotive Engineers v. Springfield Terminal Railway* (1st Cir. 2000) 210 F.3d 18, 25-26). Generally, the rule in federal cases is that "a corporate entity

may be disregarded in the interests of public convenience, fairness and equity." (*Town of Brookline v. Gorsuch* (1st Cir. 1981) 667 F.2d 215, 221). Under the circumstances, no facts have been alleged showing how or why public convenience, fairness, or equity require disregard of the corporate form to hold Redman, a minority owner, liable as the alter ego of 29 Prime, Inc.

Under *United Electric, Radio & Machine Workers of America v. 163 Pleasant St. Corp.* (1st Cir. 1992) 96 F.2d 1080 ("*United Electric*"), by bringing this motion, Redman shifts the burden to Plaintiff to demonstrate facts upon which the existence of jurisdiction depends. (*United Electric* at 1091). If he cannot do so (and Redman contends he cannot), then Redman must be dismissed.

### III.  CONCLUSION

For all the above reasons, the Court should grant Redman's motion and dismiss Plaintiff's claims against him pursuant to FRCP12(b)(2).

Respectfully submitted:

Dated: December 2, 2014            **GORDON & REES, LLP**

/s/ Stephanie P. Alexander
Douglas Smith (Admitted *pro hac vice*)
Stephanie P. Alexander (Admitted *pro hac vice*)
2211 Michelson Dr., Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060
dsmith@gordonrees.com
salexander@gordonrees.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 2, 2014.

/s/ Pamela S. Garthe